Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50018 | **DATE** | 11/20/2003 |
| **CASE TITLE** | LUND vs. HESSER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, this case is dismissed in its entirety for lack of subject matter jurisdiction.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | NOV 20 2003 | 25 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 11-20-03 | |
| /SEC | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Teresa J. Lund and Trent R. Lund, filed a three-count complaint against defendants, Hesser Olds, Inc. alleging common law fraud, malicious prosecution, and abuse of process. Plaintiffs claim diversity jurisdiction in this court pursuant to 28 U.S.C. § 1332(a). Before the court is defendant's renewed motion to dismiss for lack of subject matter jurisdiction. Though the party seeking to invoke federal court jurisdiction bears the burden of proving jurisdiction, see American Bankers Life Assurance Co. v. Evans, 319 F.3d 907, 909 (7th Cir. 2003), plaintiffs have not filed a response. Defendants' motion produces evidence that the damages sought by plaintiff are $3544.27 for compensatory damages representing attorney's fees incurred in defending a state court action, punitive damages in the amount of $75,000, and compensatory damages for abuse of process of $100,000. Federal courts apply the "legal certainty" test to assess whether the amount in controversy is met. Smith v. Am. Gen. Life & Accident Ins. Co., 337 F.3d 888, 892 (7th Cir. 2003). "Under the legal certainty test, courts will find federal jurisdiction on the basis of the plaintiff's complaint unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" Id. Viewing the (surprisingly) unrebutted evidence submitted by defendants, the court finds it is a legal certainty that less than the jurisdictional amount is in controversy. It is not possible for an award of punitive damages and an award on the abuse of process claim to be substantial enough to meet the jurisdictional amount when combined with any possible recovery for the damages based on attorney's fees.

Additionally, the court finds that the complaint fails to properly allege diversity of citizenship. It alleges plaintiffs are residents of Illinois, but residence and citizenship are not synonyms and it is citizenship that matters for diversity jurisdiction. Myerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002). The complaint also alleges defendant is a Wisconsin corporation, but does not allege defendant's principal place of business, which is required because a corporation is a citizen of both the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332 (c)(1).

For the foregoing reasons, this case is dismissed in its entirety for lack of subject matter jurisdiction.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Teresa J. Lund, et al.           **JUDGMENT IN A CIVIL CASE**

v.                               Case Number: 03 C 50018

Hesser Olds, Inc.

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that this case is dismissed in its entirety for lack of subject matter jurisdiction.

Michael W. Dobbins, Clerk of Court

Date: 11/20/2003

*Susan Wessman*

Susan M. Wessman, Deputy Clerk